Argued May 27; reversed and remanded June 10, 1947

# CHAMP *v.* STEWART
### (181 P. (2d) 780)

In Banc.

*Joseph B. Felton,* of Salem (with William H. Trindle, of Salem, on brief), for appellants.

*John H. Carson,* of Salem, for respondents.

KELLY, J.

This is an action in ejectment. Defendants in their second further and separate answer plead noncompliance on plaintiffs' part with the short term statute of limitations applicable to cases brought to test the validity of a sale of real property on foreclosure for delinquent taxes and allege that plaintiffs are claiming only under a deed executed by Marion County conveying the property in suit to plaintiffs subsequent to the rendition of a judgment and decree of foreclosure "by the terms of which a pretended delinquent tax lien was foreclosed" against said real property; and that thereafter on the 7th day of July 1941, the sheriff of Marion County, Oregon, conveyed said real property to Marion County.

The trial court overruled plaintiffs' demurrer to said second further and separate answer; and, upon plaintiffs' refusal to plead further, entered a judgment on the pleadings in favor of defendants, from which plaintiffs appeal.

The question presented is whether error was committed by the learned trial judge in overruling plaintiffs' demurrer to defendants' second further and separate answer.

The full text of defendants' second further and separate answer and defense to the complaint of the plaintiffs is as follows:

"I

That in a certain proceeding then pending in the Circuit Court of the State of Oregon, for the County of Marion, entitled 'Marion County, a Political Subdivision of the State of Oregon, Plaintiff,

versus Isaac Crader, * * ' and others, bearing Marion County Clerk's register Number 28730, said Court on July 5, 1940, made, rendered and entered a certain judgment and decree of foreclosure by the terms of which a pretended delinquent tax lien was foreclosed against 69 acres of land in Section 25, Township 9 South of Range 3 East in Marion County, Oregon, which 69 acres plaintiffs claim to have particularly described in the complaint herein and that thereafter and on the seventh day of July 1941, the Sheriff of Marion County, Oregon, by deed of conveyance conveyed said property so foreclosed upon to said plaintiff, Marion County.

## II

That thereafter, for a consideration of $300 Marion County, plaintiff in said suit, executed a conveyance of said property to plaintiffs who claim thereunder and not otherwise.

## III

That this action has not been commenced within two years from the date of the judgment and decree of foreclosure and sale to the county as provided by law."

Plaintiffs' demurrer to defendants' second further and separate answer and defense to their complaint is based upon the contention—

"That the facts stated in said second further and separate answer and defense do not constitute a defense to plaintiffs' complaint."

The section of the statute upon which defendants base their argument in support of their second further and separate answer, is as follows:

"Any judgment and decree for the sale of real property to the county, on foreclosure for the delinquent taxes, shall be conclusive evidence of its regularity and validity in all collateral proceedings, except where the taxes have been paid or the prop-

erty was not liable to assessment and taxation. The judgment and decree shall be prima facie evidence that the taxes have not been paid and that the property was subject to taxation at the time it was assessed; and such judgment and decree shall estop all persons raising objections thereto, or to the title based thereon, which existed at or before the date of such judgment and decree and could have been presented as an objection or defense to the application for such judgment and decree. Every action, suit or proceeding, of whatever kind or nature, which may be commenced for the purpose of determining the validity of a sale of real property on foreclosure for delinquent taxes, or to quiet title against such sale, or to remove the cloud thereof, or to recover possession of the property, shall be commenced within two years from the date of the judgment and decree of foreclosure and sale to the county, and not otherwise. In every such action, suit or proceeding any person claiming to be the owner of the property, as against the county, or any person holding title from the county, shall pay into court with the first pleading the amount charged against the property in the judgment and decree of foreclosure, together with interest thereon at the rate of 6 per cent per annum from the date of such judgment and decree to the date of filing such pleading." Section 110-920, O. C. L. A., Vol. 7, p. 1221; Section 20, Oregon Laws 1939, Chap. 485, p. 947.

■ This court is committed to the principle that in construing a statute, we must be guided by the legislative intent, unless some principle of the constitution is invaded. *Briggs v. McBride,* 17 Or. 640, 645-6, 21 P. 878, 5 L. R. A. 115; *Camas Stage Co., Inc. v. Kozer,* 104 Or. 600, 605, 209 P. 95, 25 A. L. R. 27.

"In the interpretation of statutes, the legislative will is the all important or controlling factor. Indeed, it is frequently stated in effect that the in-

tention of the legislature constitutes the law. The legislative intent has been designated the vital part, heart, soul, and essence of the law, and the guiding star in the interpretation thereof. Accordingly, the primary rule of construction of statutes is to ascertain and declare the intention of the legislature, and carry such intention into effect to the fullest degree. A construction adopted should not be such as to nullify, destroy, or defeat the intention of the legislature." 50 Am. Jur., Sec. 233, pp. 200, et seq.

■ The statutes, such as the one under consideration, have been termed "short statutes of limitation", the object of which is to protect rights acquired under sales of real estate for taxes, and the purpose of which is to fix a comparatively short period of time running in favor of the holder of the tax title after which the validity of his title cannot be questioned for any irregularity in the proceeding under which the land was sold. 51 Am. Jur. Subject: Taxation, Sec. 1155, p. 995.

■ Bearing in mind that all real properties, which shall have been sold to the county pursuant to judgment and decree of foreclosure for delinquent taxes, shall be held by the county for the period of one year from and after the date of the judgment and decree of foreclosure, unless sooner redeemed, (Section 110-911, O. C. L. A.,; Section 11, Chap. 485, Oregon Laws 1939), it is obvious that no sale of such real property could be made by the county until such period had elapsed.

To adopt defendants' construction of the statute under consideration, a purchaser of such property would not only buy the property, but, in order to validate his muniment of title from the county, would be obliged to institute a suit or action within one year from the termination of the period of redemption.

We think that such a construction of the statute

would defeat the obvious object and purpose of its enactment, namely, to protect the rights acquired under such sales and to fix a comparatively short period of time running in favor of the holder of the tax title after which the validity of his title could not be questioned for any irregularity in the proceeding under which the land was sold.

The supreme court of Colorado, in an early case, construed a section of the Colorado statute reading as follows:

"No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary, notwithstanding; Provided, always, That when the owner or owners of such land, sold as aforesaid, shall at the time of the execution and delivery of the deed by the treasurer, be minor or minors, or insane or an idiot, and residing within the United States one year after such disability is removed, it shall be lawful for such person or persons, their heirs or legal representatives, to bring their suit or action for the recovery of lands so sold, and when the recovery is effected in all cases, the value of the improvements, etc., made on the land so sold, and all taxes paid after the sale thereof, with interest thereon at the rate of fifteen per cent per annum, shall be ascertained by the jury trying the action for the recovery, and paid by the person or persons recovering the same, before he, she or they shall obtain possession of the land so recovered."

The Colorado court say:

"It is apparent that this section has no application whatsoever to the purchaser at a tax sale. It applies solely to the owner of the property, whose title is sought to be divested by the tax proceedings." *Sullivan v. Collins,* 20 Col. 528, 39 P. 334.

■ The construction we give to the Oregon statute herein above quoted is that it applies only to a person or persons claiming ownership of the property as against the county or against a person or persons holding title from the county; and has no application to the plaintiffs herein who are purchasers from the county.

For this reason, we hold that the learned trial judge erred in overruling plaintiffs' demurrer to defendants' second further and separate answer and defense and in entering a decree and judgment against plaintiffs on the pleadings.

Said judgment therefore is reversed and this cause is remanded with instructions to sustain plaintiffs' demurrer to defendants' second further and separate answer and defense, and for such further proceedings as may not be inconsistent herewith; plaintiffs to recover their costs and disbursements on this appeal.